UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JACOB MASCARENAS<br>    FED. REG. NO. 23430-051<br>VS. | CIVIL ACTION NO. 09-1779<br><br>SECTION P<br><br>JUDGE MINALDI |
| WARDEN JOSEPH P. YOUNG | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Pro se petitioner, Jacob Mascarenas, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on October 14, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana. Petitioner claims that he is entitled to credit against his federal sentence for time served in the custody of the State of New Mexico. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Background*

Petitioner was arrested by New Mexico authorities on April 13, 2002. [Doc. 1, p. 3] On June 7, 2002 his state parole was revoked and he was ordered to serve two years in custody. On September 1, 2003, he satisfied the parole-revocation term. [*Id.*, p. 4]

Meanwhile, on December 19, 2002 petitioner pled guilty to possession with intent to distribute less than 50 grams of methamphetamine (21 U.S.C. §841(a)(1) & (b)(1)(C)) in the United

-1-

States District Court for the District of New Mexico. See *United States of America v. Jacob Mascarenas*, No. 2:02-cr-01573 at Docs. 19-20. Thereafter, on June 24, 2003 he was sentenced to serve 151 months in the custody of the BOP. [*Id*., at Docs. 24 and 27]

In calculating his sentence, the BOP afforded him credit for the time spent in custody from April 13, 2002 (the date of arrest) through June 6, 2002 (the day before petitioner's New Mexico parole was revoked). [Doc. 1, p. 4] Petitioner, however, sought credit for the period from June 7, 2002 (the date his New Mexico parole was revoked) through September 1, 2003 (the date he satisfied the New Mexico sentence and was released from their custody). [*Id*.] According to petitioner, his attempts to obtain relief *via* the BOP's administrative remedies procedures were rejected at the local, regional, and national levels. However, petitioner provided only the Regional Response to his grievance. According to that document, the facts supporting the rejection of his request for credit were as follows:

> Investigation reveals you were originally arrested by state of New Mexico law enforcement officials on April 13, 2002, for multiple offenses, including possession of drugs, evading arrest, and a weapon charge. The state dismissed charges which resulted in your arrest in lieu of federal prosecution; however, on June 7, 2002, your state parole term was revoked and you were sentenced to a two-year term of imprisonment for Possession of a Controlled Substance With Intent to Deliver. While in service of your state term, you were transferred to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus Ad Prosequendum. On June 24, 2003, you were sentenced in the District of New Mexico to a 151-month term of imprisonment for Possession With Intent to Distribute Less Than 50 Grams of ... Methamphetamine. Your federal Judgment and Commitment Order was silent as to the service of your federal sentence; thus, it was appropriately calculated as consecutive to your state term. Upon completion of the federal writ, the USMS attempted to return you to state custody; however, state authorities informed the USMS your state term was completed on September 1, 2003; therefore you remained in federal custody for service of your federal sentence.

*   *   *

Contact with the New Mexico Department of Corrections has confirmed you

>received credit on your state sentence from the date your parole term was revoked on June 7, 2002, through September 1, 2003, the date you released from your state term. However, credit from the date of your arrest on April 13, 2002, through June 6, 2002, the day before your state parole term was revoked, has been applied toward your federal term as this credit has not been applied toward any other sentence. [Doc. 1, Exhibit 2, p. 9]

Petitioner does not contest the facts used by the BOP to reject his claim for jail credits. Instead, relying on *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir. 1971), he argues that since his incarceration was "... exclusively the product of ... action by federal law enforcement officials..." he is entitled to credit for the time spent in the custody of the State of New Mexico. [*Id*., pp. 5-6]

### *Law and Analysis*

Since petitioner contends that he is entitled to a speedier release from custody, *habeas corpus* provides the appropriate remedy. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). However, "[t]he writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Petitioner's argument – that he is entitled to credit against his federal sentence for the time spent in state custody because his state custody was "exclusively the product" of federal action – relies on the Fifth Circuit's opinion in *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir.1971). However, *Ballard* interpreted the time-crediting statute in effect at the time, 18 U.S.C. § 3568. Section 3568 was repealed by the Sentencing Reform Act of 1984. *United States v. Caraveo-Nunez*, 992 F.2d 323, *1 (5th Cir.1993) (unpublished). For offenses committed after November 1, 1987,

3

federal sentence computation is governed by 18 U.S.C. §3585. *United States v. Wilson*, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>

(Emphasis supplied).

Under the plain language of the above cited statute, petitioner cannot obtain credit against his federal sentence for time served in the custody of the New Mexico authorities between June 7, 2002 through September 1, 2003 because he has already received that benefit with respect to his New Mexico parole violation sentence. *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

In short, petitioner has not shown that his custody is in violation of the Constitution and laws of the United States; he fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.[1] A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lake Charles, Louisiana, February 17, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] As petitioner is aware, federal prisoners challenging the manner in which their sentences are being executed must first exhaust administrative remedies prior to presenting their claims in federal court. See *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994); *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1353-56, 117 L.Ed.2d 593 (1992). The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. *Id.* §§ *542.13*, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." *Id.* § *542.15*(a). Only after this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

Petitioner claims that he exhausted all available administrative remedies, however, he has not provided proof that he exhausted the third step of the process by submitting his grievance for resolution at the national level. As shown above, he has provided the Regional Response but nothing more.

**IN THE EVENT THAT PETITIONER OBJECTS TO THIS REPORT AND RECOMMENDATION, HE SHOULD PROVIDE, ALONG WITH HIS OBJECTION, DOCUMENTARY PROOF TO ESTABLISH THAT HE EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT.**